UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CARLA SUZANNE JACKSON | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | DOCKET NO. 1:12-CV-22 |
| | ) | MATTICE/LEE |
| CITY OF CLEVELAND, CLEVELAND | ) | |
| POLICE DEPARTMENT, CHIEF WES | ) | |
| SNYDER, DETECTIVE LIEUTENANT | ) | |
| ROBERT HARBISON, CAPTAIN DAVID | ) | |
| BISHOP, DETECTIVE LIEUTENANT | ) | |
| MARK GIBSON and LIEUTENANT | ) | |
| DENNIS MADDUX | ) | |
| | ) | |
|     Defendants. | ) | |

**PLAINTIFF'S MOTION TO NONSUIT PLAINTIFF'S TITLE VII CLAIMS WITHOUT PREJUDICE AND FOR COURT TO DECLINE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS REMANDING THE STATE LAW CLAIMS TO THE BRADLEY COUNTY CIRCUIT COURT FOR FURTHER PROCEEDINGS**

    Comes now the Plaintiff, Carla Suzanne Jackson, by and through counsel and moves this to enter an order allowing her to nonsuit her Title VII claims and requests this court to enter an order declining to exercise supplemental jurisdiction over the state law claims allowing the plaintiff to proceed with her state law claims in State Court as those claims contain no allegations as to any Federal Statute or Federal Law. Therefore, the Court should remand or send the State law claims to the Bradley County Circuit Court for further action pursuant to State law. As grounds for this Motion, the plaintiff, Jackson, states.

    1.    Pursuant to a federal court's supplemental jurisdiction, federal courts may entertain state law claims when they are so related to federal claims within the court's original jurisdiction that they form a part of the same case or controversy.

28 U.S.C. § 1367. However, if all federal claims are dismissed before trial, the court should ordinarily dismiss any remaining state law claims as well, and such dismissal of the claims should be without prejudice permitting a plaintiff to proceed with the state law claims in state court. In this case it is appropriate for the Court to enter an order remanding or referring the remaining State Law claims to the Bradley County Circuit Court for further proceedings. Fortuna's Cab Service v. City of Camden, 269 F.Supp.2d 562, 566 (D.N.J. 2003). Although retention of jurisdiction over the pendent state claims is a matter for the district court's discretion, the plaintiff is desirous of nonsuiting her Title VII claims so she can pursue her state law claims as outlined in her complaint. The plaintiff argues that in the interest of judicial economy that the case be referred to the Bradley County Circuit Court for further proceedings regarding her state law claims. Rosado v. Wyman, 397 U.S. 397, 403-05, 90 S.Ct. 1207, 1213-14, 25 L.Ed.2d 442 (1970). The usual rule is that state claims should be dismissed if the federal claims are dismissed before trial, however, plaintiff asserts the appropriate course of action in this case is to remand or refer the state law claims to the appropriate court for further handling. United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); Jason v. Fonda, 698 F.2d 966, 967 (9th Cir.1982); Wren v. Sletten Construction Co., 654 F.2d 529, 536 (9th Cir.1981). The district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction, Rosado, 397 U.S. at 403, 90 S.Ct. at 1213, or if it should more properly dismiss the claims without prejudice or remand them to state court for further proceedings. In this case the plaintiff believes her state law claims gives rise to causes of actions that are not

available under Title VII against these defendants. The plaintiff wishes to pursue her non-Title VII claims in State Court.

2. The dismissal of the Title VII claims against the defendants does not necessarily deprive this court of supplemental jurisdiction over the state law claims. The court has the discretion to decline to exercise its supplemental jurisdiction over non diverse state law claims where the claims for which the court has jurisdiction are dismissed or non-suited. <u>Baggett v. First Nat'l Bank of Gainesville</u>, 117 F.3d 1342 (11th Cir. 1997). In exercising its discretion the court can consider factors of judicial economy, convenience, fairness and comity. Jackson asserts that under the principles of judicial economy, convenience, fairness and comity this Court should allow her to nonsuit her Title VII claims and, moreover, should decline discretionary jurisdiction of the plaintiff's state law claims allowing her to pursue the claims in State Court. 28 U.S.C. Section 1367(c).

3. The plaintiff has asserted various state law claims in her complaint. As such those state law claims involve unique issues governed by state law. The plaintiff, moreover, has additional remedies under state law that are not available to her under her Title VII claims. She is, therefore, desirous of proceeding with her state law claims and requests that this court enter the appropriate order declining to exercise supplemental jurisdiction over those claims and permitting the plaintiff to non-suit her claims under Title VII. Therefore the Court should remand the State law claims to the Bradley County Circuit Court for further proceedings as the Court should decline to exercise jurisdiction over the State law claims.

WHEREFORE, the plaintiff respectfully requests this Court to enter the appropriate order allowing the non-suit of her Title VII claims and enter an order declining to exercise supplement

jurisdiction over the State law claims allowing the plaintiff to proceed with those claims by remanding or referring the state law claims to the Bradley County Circuit Court for further proceedings.

Respectfully submitted,

JAMES, GOINS & CARPENTER

*/s/ Stuart F. James*
Stuart F. James, BPR # 013841
735 Broad Street, Suite 908
Chattanooga, TN 37402
Telephone: (423) 756-3646
Facsimile: (423) 756-3647


TIDWELL & IZELL, P.C.

*/s/ W. Gerald Tidwell, Jr.*
W. Gerald Tidwell, BPR # 10136
736 Market Street, Suite 1550
Telephone: (423) 602-7511
Facsimile: (423) 602-7515
Telephone

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing instrument has been served upon the following individual(s) by U.S. Mail or hand delivery.

        Ronald D. Wells
        ROBINSON, SMITH & WELLS
        Suite 700, Republic Centre
        633 Chestnut Street
        Chattanooga, Tennessee 37450

        Benjamin K. Lauderback
        Emily A. Cleveland
        WATSON, ROACH, BATSON, ROWELL & LAUDERBACK
        1500 Riverview Tower
        900 South Gay Street
        P.O. Box 131
        Knoxville, TN 37901-0131

Dated this 5th day of August, 2013.

        */s/ Stuart F. James*
        */s/ W. Gerald Tidwell, Jr.*